UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IMAGELINE, INC.,  :  <br>  :  <br>   Plaintiff,  :  <br>  :  <br> vs.  :     CIVIL ACTION NO. 3:09-CV-00724-RLW <br>  :  <br> SALEM COMMUNICATIONS  :  <br> CORPORATION, et al.,  :  <br>  :  <br>   Defendants.  :  | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT ONEPLACE, LLC

Defendant OnePlace, LLC ("OnePlace") hereby submits the following Answer to the Complaint of Plaintiff Imageline, Inc.:

### JURISDICTION AND VENUE

1. OnePlace admits only that Plaintiff purports to state a cause of action that arises under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq,* and that this Court is vested with subject matter jurisdiction to hear such claims pursuant to 28 U.S.C. §§ 1331 and 1338. OnePlace denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. OnePlace admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint to the extent those allegations refer to it. OnePlace denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. OnePlace admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## THE PARTIES TO THE COMPLAINT

4. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5. The allegations set forth in Paragraph 5 of Plaintiff's Complaint do not require a response since Salem Communications Corporation has been dismissed as a Defendant in the action.

6. OnePlace admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. OnePlace admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint that it owns and operates www.crossdaily.com to market, advertise, sell and license its products and services. OnePlace denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. To the extent that any allegations in Paragraph 8 of Plaintiff's Complaint are made against it, OnePlace denies the allegations in Paragraph 8. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

## FACTS

9. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Plaintiff's Complaint and, therefore, denies the same.

10. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. With respect to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, OnePlace admits only that Exhibit B to the Complaint purports to list the titles, registration dates and registration numbers for 6 U.S. Copyright Registrations. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

## FIRST CAUSE OF ACTION

15. With respect to the allegations set forth in Paragraph 15 of Plaintiff's Complaint, OnePlace incorporates its responses set forth in Paragraphs 1 through 14 above as if fully rewritten here.

16. OnePlace denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. OnePlace denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. OnePlace denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. OnePlace denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. OnePlace denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. OnePlace denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. OnePlace denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. OnePlace denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. OnePlace denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. OnePlace denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

26. With respect to the allegations set forth in Paragraph 26 of Plaintiff's Complaint, OnePlace incorporates by reference its responses set forth in Paragraphs 1 through 25 above as if fully rewritten here.

27. OnePlace denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. OnePlace denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

29. With respect to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, OnePlace incorporates by reference its responses set forth in Paragraphs 1 through 28 above as if fully rewritten here.

30. OnePlace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31. OnePlace denies the allegations set in Paragraph 31 of Plaintiff's Complaint.

32. OnePlace denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

33. With respect to the allegations set forth in Paragraph 33 of Plaintiff's Complaint, OnePlace incorporates by reference its responses set forth in Paragraphs 1 through 32 above as if fully rewritten here.

34. OnePlace denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. OnePlace denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. OnePlace denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. OnePlace denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

38. With respect to the allegations set forth in Paragraph 38 of Plaintiff's Complaint, OnePlace incorporates by reference its responses set forth in Paragraph 1 through 37 above as if fully rewritten here.

39. OnePlace denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. OnePlace denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. OnePlace denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. OnePlace denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright registrations are invalid.

## FOURTH AFFIRMATIVE DEFENSE

Defendant OnePlace LLC acquired the Website (as defined in Paragraph 7 of the Complaint) and related assets on February 13, 2006 (the "Acquisition Date") pursuant to an Asset Purchase Agreement. OnePlace is not liable for any claims related to any acts or omissions that occurred on or before the Acquisition Date.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, 17 U.S.C. § 507(b).

### SIXTH AFFIRMATIVE DEFENSE

OnePlace has been authorized by Plaintiff to engage in the conduct that is the subject matter of Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of copyright misuse.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's infringement allegations relate to unregistered works, Plaintiff is not entitled to recover statutory damages or attorney's fees. 17 U.S.C. § 412(2).

### TENTH AFFIRMATIVE DEFENSE

OnePlace acted with innocent intent and with reasonable grounds to believe that its use was permissible.

### ELEVENTH AFFIRMATIVE DEFENSE

OnePlace is entitled to complete indemnification, in contract and/or implied in law, from some other person, firm, or corporation.

### TWELFTH AFFIRMATIVE DEFENSE

The allegedly infringing materials do not constitute "original works of authorship" under 17 U.S.C. 102 and are therefore uncopyrightable and in the public domain.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is no signed transfer to Plaintiff as required to support Plaintiff's copyright claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

OnePlace reserves the right to amend its Answer to assert additional defenses which may become known through discovery or otherwise.

**WHEREFORE,** OnePlace prays that this Court enter an Order:

A.  That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by its Complaint;

B.  That judgment be entered in favor of OnePlace and against Plaintiff for all claims set forth in the Complaint;

C.  That OnePlace be awarded its costs in this suit, and reasonable attorneys' fees and expenses; and,

D.  That OnePlace be provided with such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Counterclaimant OnePlace, LLC (the "Counterclaimant") hereby states as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

43.  This is a counterclaim action for a declaration of invalidity of copyright arising from Imageline's violation of the registration requirements of the U.S. Copyright Act, 17 U.S.C. § 101, et seq, and 28 U.S.C. §§ 2201 and 2202. Imageline has sued Counterclaimant for, among other things, copyright infringement. Thus an actual controversy exists between Counterclaimant and Imageline because Imageline has sued Counterclaimant in this Court.

44.  Exclusive subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

45.  Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**THE PARTIES**

46. Upon information and belief, Counterclaim Defendant Imageline, Inc. (hereinafter "Imageline") is a Virginia corporation, having an address at P.O. Box 6275, Ashland, Virginia 23005.

47. OnePlace is a limited liability company incorporated in Delaware with its main operations office located at 111 Virginia Street, Richmond, Virginia 23219.

**ACTIONS GIVING RISE TO COUNTERCLAIM**

48. On June 9, 2009, Imageline filed a Complaint alleging, among other things, copyright infringement of the two-dimensional illustrations specified in Exhibit A of the Complaint (hereinafter, each shall be referred to individually as a "Clip Art Image" and collectively as the "Clip Art Images").

49. Paragraph 13 of the Complaint alleges that Imageline has registered the copyright to each Clip Art Image through one of the six following copyright registrations: Copyright Registration VA0000841528 (hereinafter, the "528 Registration"); Copyright Registration VA0000844189 (hereinafter, the "189 Registration"); Copyright Registration VA0000751565 (hereinafter, the "565 Registration"); Copyright Registration VA0000746773 (hereinafter, the "773 Registration"); Copyright Registration VA0000791082 (hereinafter, the "082 Registration"); and Copyright Registration VA0000885695 (hereinafter, the "695 Registration"). The registrations shall be collectively referred to as the "Imageline Copyright Registrations".

**COUNT I: DECLARATION OF NON-INFRINGEMENT**

50. Counterclaimant incorporates by reference the allegations set forth in Paragraphs 46 through 49 as if fully rewritten here.

51. In its Complaint, Imageline admitted that each of the Imageline Copyright Registrations is for a collective work.. Under the U.S. Copyright Act, the defined term

8

"compilation" includes collective works.  17 U.S.C. § 101.  The copyright in a compilation extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. 17 U.S.C. § 103(b).  Therefore, the Imageline Copyright Registrations do not cover Clip Art Images individually, apart from the work as a whole.

52. In addition, except for the 189 Registration, the Imageline Copyright Registrations purport to be registrations of derivative works.  Like a compilation, the copyright in a derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. 17 U.S.C. § 103(b).  Therefore, the Imageline Copyright Registrations do not cover preexisting Clip Art Images incorporated into the work.

53. Upon information and belief, the subject clipart images are different from and not substantially similar to the works registered by the Imageline Copyright Registrations.

54. By reason of the foregoing, the subject clipart does not infringe the Imageline Copyright Registrations.

## COUNT II:  DECLARATION OF NON-INFRINGEMENT

55. Counterclaimant incorporates by reference the allegations set forth in Paragraphs 46 through 54 as if fully rewritten here.

56. In Exhibit B to its Complaint, Imageline has identified work registered under the 695 Registration as one of the works that Counterclaimant has infringed.

57. In Exhibit A to its Complaint which sets out Imageline's infringement allegations, Imageline has not alleged that any of the accused clipart images infringe any part of the work registered by the 695 Registration.

58. Upon information and belief, the subject clip art images are different from and not substantially similar to the work registered by the 695 Registration.

59. By reason of the foregoing, the subject clipart does not infringe the 695 Registration.

### COUNT III: DECLARATION OF COPYRIGHT INVALIDITY

60. Counterclaimant OnePlace incorporates by reference the allegations set forth in Paragraphs 46 through 59 as if fully rewritten here.

61. Upon information and belief, Imageline has intentionally failed to disclose in the Imageline Copyright Registrations the true authorship of Clip Art Images contained in the Imageline Copyright Registrations that Imageline claims have been infringed. Upon information and belief, some of the actual authors of the Clip Art Images contained in the Imageline Copyright Registrations did not assign copyright ownership to Imageline in a written document signed by the author. Consequently, upon information and belief, Imageline's intentional failure to disclose the true authorship of Clip Art Images is material, and the Imageline Copyright Registrations are invalid, void, and of no force or effect.

62. Upon information and belief, Imageline has intentionally failed to adequately identify the preexisting, previously-published works incorporated into each the works covered by the Imageline Copyright Registrations. Consequently, upon information and belief, Imageline's intentional failure to adequately identify or disclose preexisting, previously-published works is material, and the Imageline Copyright Registrations are invalid, void, and of no force or effect.

63. Upon information and belief, Imageline has intentionally failed to disclose Clip Art Images that were incorporated into each of the works covered by the Imageline Copyright Registrations that do not qualify as "original works of authorship" under 17 U.S.C. 102 and are therefore uncopyrightable and in the public domain. Consequently, upon information and belief,

Imageline's intentional failure to adequately identify or disclose public domain material is material, and the Imageline Copyright Registrations are invalid, void, and of no force or effect.

64. By reason of the foregoing, the Imageline Copyright Registrations are invalid, void, and of no force and effect.

### COUNT IV: DECLARATION OF COPYRIGHT INVALIDITY

65. Counterclaimant OnePlace incorporates by reference the allegations set forth in Paragraphs 46 through 64 as if fully rewritten here.

66. In its Complaint, Imageline admitted that each of the Imageline Copyright Registrations is only for a collective work as defined by 17 U.S.C. § 101. In addition, except for the 189 Registration, the Imageline Copyright Registrations purport to be registrations of derivative works. As a result, upon information and belief, to the extent that Imageline claims that the any of the Imageline Copyright Registrations should protect the Clip Art Images individually, apart from the compilation or derivative work as a whole, Imageline is intentionally making material misrepresentations regarding the scope of the Imageline Copyright Registrations and the registrations are invalid, void, and of no force and effect.

67. By reason of the foregoing, the Imageline Copyright Registrations are invalid, void, and of no force and effect.

**WHEREFORE**, Counterclaimant respectfully requests that this Court enter judgment in its favor against Imageline as follows:

    A.    Entry of a judgment declaring that the Counterclaimant has not infringed and is not infringing any of the Imageline Copyright Registrations;

    B.    Entry of a judgment declaring that the Imageline Copyright Registrations are invalid, void, and of no force and effect;

C. That Counterclaimant be awarded its costs in this suit, and attorney's fees and expenses; and

D. That Counterclaimant be provided with such other and further relief as this Court deems just and proper.

Counterclaimant demands a jury trial on all issues in this counterclaim triable of right by a jury.

Respectfully submitted,

ONEPLACE, LLC

Dated: December 16, 2009                By: __/s/_____
Conrad M. Shumadine
(VSB No. 4325)
Counsel for OnePlace, LLC
WILCOX AND SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia  23510
Telephone:  (757) 628-5500
Facsimile:  (757) 628-5566
cshumadine@wilsav.com

Richard M. Goehler
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
Telephone:  (513) 651-6711
Facsimile:  (513) 651-6981
rgoehler@fbtlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have sent a true copy of the foregoing by first-class, U.S. mail to the following:

Carolyn Esther Wright
The Law Offices of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
Telephone: (775) 588-5147
Facsimile: (775) 588-5961

Evan A. Anderson
The Law Offices of Carolyn E. Wright, LLC
P.O. Box 250208
Atlanta, GA 30325
Telephone: (775) 588-5147
Facsimile: (757) 588-5961

*Counsel for Plaintiff*

                                                          /s/
                                         Conrad M. Shumadine
                                         (VSB No. 4325)
                                         Counsel for OnePlace, LLC
                                         WILLCOX & SAVAGE, P.C.
                                         One Commercial Place, Suite 1800
                                         Norfolk, Virginia 23510
                                         Phone:  (757) 628-5500
                                         Facsimile:  (757) 628-5566
                                         cshumadine@wilsav.com